UNITED STATES of America,
Appellant,

v.

Richard Mark CLINGER and Charles Edward Harmon, Appellees.

No. 81–5227.

United States Court of Appeals,
Fourth Circuit.

Argued March 4, 1982.

Decided June 10, 1982.

Certiorari Denied Oct. 12, 1982.

See 103 S.Ct. 221.

J. Frederick Motz, U. S. Atty., Baltimore, Md. (Richard E. Dunne, III, Stephen J. Immelt, Asst. U. S. Attys., Baltimore, Md., on brief), for appellant.

John M. Morse, Ellicott City, Md., for appellee Charles E. Harmon.

Alan C. Drew, Upper Marlboro, Md., for appellee Richard M. Clinger.

Before WINTER, Chief Judge, ERVIN, Circuit Judge, and YOUNG *, District Judge.

ERVIN, Circuit Judge:

The defendants, Richard Mark Clinger and Charles Edward Harmon, were indicted along with seven other people for conspiracy, in violation of 18 U.S.C. § 371, and for interstate transportation of stolen property, in violation of 18 U.S.C. § 2314. During the pre-trial hearings, the district court granted motions to suppress tape recorded conversations between a government informant and each appellee. The government appeals directly from the suppression order under 18 U.S.C. § 3731. We reverse the district court's judgment on the suppression motions and remand for further evidentiary findings as to the admissibility of the tape recordings.

## I.

The taped conversations in question were recorded by an alleged co-conspirator, Harry Loveless, who had consented to cooperate with the government in return for a plea arrangement. Pre-trial motions in this case were to be argued on July 15, 1981. All motions were heard on that day except the motions to suppress tape recorded conversations by defendant Harmon and defendant Long.[1] The suppression motions were phrased in very general terms. Informant Loveless testified on July 15 with respect to numerous pre-trial motions. The suppression motions of Harmon and Long were delayed until August 3, 1981, the day before the scheduled trial date, because the defendants had not yet listened to the tape recordings.

On August 3, counsel for defendant Clinger made an oral motion to suppress the taped conversation of his client. During the hearing, the question arose whether the tape recordings of defendants Clinger and Harmon had been interrupted by Loveless turning the recorder off and on. Agent Frank Rabena of the Federal Bureau of Investigation testified that he had instructed Loveless on the use of the tape recorder [2] and that he specifically had instructed the informant not to turn the recorder off during the conversations to be recorded. Agent Rabena also had hearsay knowledge that the recorder ran continuously throughout the conversations from a statement to that effect by Loveless immediately after the recordings were made. The court then listened to parts of the tapes in question and stated that it was unable to determine

---

\* Honorable Joseph H. Young, United States District Judge for the District of Maryland, sitting by designation.

1. Defendant Long is a co-conspirator whose tape recorded conversation was found to be admissible by the district court.

2. The recordings in question on appeal were made by a recorder planted on the body of the informant which could be controlled manually by him. The recorded conversations took place in an automobile that was being driven by the informant, with only the informant and individual defendant being present in each instance.

whether the tapes had been interrupted.[3] The district court refused to delay the suppression hearings until informant Loveless could be brought in to testify.

During the luncheon recess on August 3, the United States Attorney contacted Loveless by telephone. Agent Howard E. Apple listened to that conversation and testified later that afternoon as to the matters discussed. In particular, Apple testified that Loveless claimed to have turned on the tape recorder just before meeting with the defendants and did not turn it off until the conversations clearly were finished. Apple also stated that Loveless said he had reviewed the transcript introduced at the hearings and that to the best of his recollection the transcript of the conversation was accurate.

The district court was not persuaded by the additional hearsay evidence proffered by the government.[4] The motions to suppress by defendants Clinger and Harmon were granted at the close of the government's evidence. The government subsequently renewed its request for a continuance until the next morning when Loveless could be present to testify on the suppression motions. The motion for a continuance was denied. Following a reconsideration of the evidence and arguments, the district court again decided to suppress the evidence.

## II.

The government contends that the district court erred in finding that the government did not establish by a preponderance of the evidence that the recording had not been interrupted, and that the district court abused its discretion by refusing to continue the case until informant Loveless could be brought in to testify. Because we find that the hearing should have been continued one day so that Loveless could testify, we need not decide whether the evidence was sufficient to permit introduction of the tapes.

## A.

Although the expediency of judicial resolution is a valid concern and the scheduling of trials is an important element of the administration of justice, we must bear in mind that the ultimate goal of our system is justice. Not only should the rights of the defendant be protected through the use of judicial discretion, but the interests of society should be furthered by punishing those who break its laws. In this case, granting a continuance for one day would have been a very minor judicial inconvenience. On the other hand, the evidence that was excluded from introduction by order of the court could have been of valuable probativeness in the search for the truth.

■ Because there is a paucity of case law on the denial of a continuance for the government due to the absence of a witness, we will analogize to situations in which a criminal defendant has sought a continuance in order to produce a witness. The party seeking a continuance generally must show that a delay is necessary for a just determination of the case. *Neufield v. United States*, 118 F.2d 375, 380 (D.C.Cir. 1941). When a continuance is sought to secure the attendance of a witness, the following elements must be proved by the party requesting the continuance: "who [the witnesses] are, what their testimony will be, that it will be relevant under the issues in the case and competent, that the witnesses can probably be obtained if the continuance is granted, and that due diligence has been used to obtain their attendance for the trial as set." *Id.* It is obvious here that the witness is informant Loveless; the tape recording sought to be introduced through him is relevant; and with a continuance of one day, Loveless could be brought the approximately 80 miles from Hagerstown, Maryland, to Baltimore. The remain-

---

**3.** In one instance while listening to the tapes, the court noted that the apparent halt to conversation in mid-word could have been caused by turning the recorder off or by the speaker failing to complete the pronunciation.

**4.** The district court also was disturbed by the fact that a witness had been contacted by another potential witness about a matter at issue in the trial when a sequestration order was in effect.

ing issue is whether the government acted with due diligence.

### B.

■ When the first pre-trial hearings were held in this case, informant Loveless testified for the government. The motion to suppress with respect to Harmon was not heard that day because he had not yet listened to the tapes; the suppression motion by Clinger had not even been made at that time. The Harmon motion was phrased in general terms and made no reference to deletions or discontinuity of the tape.

The government was justified in believing that it would be able to establish an adequate foundation for admission of the recordings through hearsay testimony. Under applicable case law, evidence of the accuracy of tapes may be circumstantial, and the chance of alterations need not be eliminated entirely but only as a reasonable possibility. *United States v. Haldeman*, 559 F.2d 31, 107 (D.C.Cir.1976), *cert. denied*, 431 U.S. 933, 97 S.Ct. 2641, 53 L.Ed.2d 250 (1977). In addition, in factual situations similar to this case, other appellate courts have approved the admission of tape recordings on the basis of hearsay or other indirect evidence. In *United States v. Fuentes*, 563 F.2d 527 (2d Cir.), *cert. denied*, 434 U.S. 959, 98 S.Ct. 491, 54 L.Ed.2d 320 (1977), the government produced evidence that agents carefully placed recording devices on the informant and in his vehicle, that the agents were able to observe most—if not all—of the conversations and identify each participant, and that the agents removed and sealed the tapes immediately after each conversation. Neither the trial court nor the appellate court accepted the argument that the person making the recording may have altered the taping of the conversation. Because turning a body recorder off and on to record select parts of a conversation would require conspicuous movements when done while driving an automobile, the Second Circuit found that without additional evidence there was not a reasonable possibility that the tape had been altered. In

*United States v. Bright*, 630 F.2d 804 (5th Cir. 1980), the informant was not observed by agents while taping the conversation. The tape was admitted, however, on the showing that agents secured it from the informant immediately after the conversation and that the recording presented a running conversation. The facts in the case before us are close enough to both *Fuentes* and *Bright* for the government to maintain a reasonable belief that the testimony of Loveless would not be necessary at the suppression hearing.

The government's diligence is proved by its willingness to produce Loveless if given notice of the need for his testimony. Not only did he testify at the earlier pre-trial hearings but would have been available the following day when the trial was to commence. The government had a reasonable belief that hearsay evidence would have been adequate to allow the introduction of the tapes. Neither defendant offered any evidence that the respective recording had been altered. Furthermore, the government relied upon the court's statement that it would listen to the tapes to verify their continuity. When the court determined that it could not make this finding with exactness, the government should have been granted a short continuance to present acceptable testimony on this issue.

We find that the government has met the requirements for a continuance due to the absence of a witness. In addition, we emphasize the higher priority we place upon justice as opposed to judicial expediency. Because we find that the trial court abused its discretion, the decision of the district court is

**REVERSED AND REMANDED.**