907 F.2d 1140
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Norman Malcolm BARTON, a/k/a Doggie, Defendant-Appellant.
 No. 89-5141.
 United States Court of Appeals, Fourth Circuit.
 Argued May 10, 1990.
Decided June 8, 1990.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville. Malcolm J. Howard, District Judge. (CR-88-46)
 Terry Goodwin Harn, Coleman, Bernholz, Bernholz, Gledhill & Hargrave, Chapel Hill, N.C., for appellant.
 Thomas Michael Gannon, United States Department of Justice, Washington, D.C. (Argued), for appellee; Margaret Person Currin, United States Attorney, R. Daniel Boyce, Assistant United States Attorney, Raleigh, N.C., on brief.
 E.D.N.C.
 AFFIRMED.
 Before SPROUSE, CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Following a jury trial in the United States District Court for the Eastern District of North Carolina, appellant was convicted of possession of cocaine with intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2, and of conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. Sec. 846. He appeals his convictions, claiming (1) that the district court abused its discretion in denying his motion to continue, (2) that the district court improperly admitted into evidence a statement made by the appellant to police officers, (3) that the district court abused its discretion in permitting the jury to hear a tape-recorded conversation and to consult a transcript of the conversation as it listened to the tape, and (4) that the evidence was sufficient only to establish a single buyer-seller transaction and not a conspiracy to possess cocaine with intent to distribute.
 
 
 2
 The existence of the conspiracy and appellant's participation therein was adequately proved by the testimony of the government's witnesses, which included appellant's co-conspirators, Michael Locklear, Mary Margaret Locklear and Jerry Locklear. The appellant's claim that the government only proved a single act of delivery of a kilogram of cocaine to Michael Locklear, and that he had no knowledge that Locklear planned to distribute this cocaine, is not supported by the record. "[T]he possession of a quantity of narcotics so large that it could not be used by the possessor alone justifies the conclusion that [the possessor] had an inventory for distribution rather than personal consumption." United States v. Richards, 638 F.2d 765, 769 (5th Cir.1981). The record also establishes that the appellant knew to whom Michael Locklear intended to sell the cocaine. To the chagrin of appellant and his co-conspirators, the ultimate purchaser was an undercover law enforcement officer.
 
 
 3
 The arrest of appellant and the investigation leading up to his arrest were handled by city and county police officers, but the prosecution was conducted by the United States Attorney. The case was scheduled for trial on Monday morning, January 23, 1989. The weekend prior to trial, during final preparation, the Assistant United States Attorney learned for the first time that county police officers had in their files notes of a statement made by appellant on the afternoon of his arrest. This was not a written statement, but simply notes made by an officer at the time he discussed the matter with the appellant. Prior to trial on Monday morning, a copy of these notes was delivered to appellant's attorney, and at a pretrial conference the attorney moved for a continuance on the ground that time was needed to explore the circumstances under which the statement was given, and to discuss the statement with the appellant. The court determined that it was practical to conduct a voir dire hearing on the admissibility of the statement prior to any mention of it at trial, and that such hearing would be conducted out of the jury's presence. On the first day of trial, after the jury had been excused, the hearing was conducted and the two officers testified at length about the circumstances surrounding appellant's statement and the notes that were taken at the time. The following morning the court heard additional argument on the motion to continue, but the motion, which if granted at that time would have required a mistrial, was denied.
 
 
 4
 A motion to continue is normally committed to the discretion of the trial judge. Ungar v. Sarafite, 376 U.S. 575, 589 (1964). Whether there has been an abuse of discretion turns upon the circumstances presented. Under the present circumstances, there was no abuse of discretion nor was there violation of due process or denial of the right to assistance of counsel. The trial judge found that there was no impropriety in the delay of delivery to appellant's counsel and that the court was satisfied there had been no prejudice to appellant. No evidence was taken the first day of trial that related in any way to the statement. The statement was quite short, being only six lines of text of only a few words each. As such, it did not require prolonged analysis, and appellant had from recess of the court on Monday afternoon until the convening of the court on Tuesday morning to discuss the notes with his attorney. As a general rule, the "party seeking a continuance generally must show that a delay is necessary for a just determination of the case." United States v. Clinger, 681 F.2d 221, 223 (4th Cir.), cert. denied, 459 U.S. 912 (1982). There is no showing in the present case that appellant was prejudiced by the failure of the court to grant the continuance or that such a continuance was necessary for a just determination of the case.
 
 
 5
 The appellant moved to suppress the statement on the ground that it was the product of intimidation and was therefore involuntary. After hearing the testimony, the district court found that the appellant knew the nature of the offenses with which he was charged, that he received his Miranda warnings at least twice before he made any statement and that he had previously been arrested and received Miranda warnings on other occasions and was familiar with his rights. The evidence was uncontradicted that appellant's physical and mental condition were unimpaired, that he was advised of his right to counsel and that he did not request counsel. The test of voluntariness of a confession is whether, under the totality of the circumstances, law enforcement officers have overborne the will of the accused. Haynes v. Washington, 373 U.S. 503, 513-14 (1963). On the present record, we find no error in the district court's conclusion that, applying the totality of circumstances test, appellant's statement was voluntary.
 
 
 6
 At trial the government introduced a tape recording of the June 23, 1988, conversations between appellant and Michael Locklear at appellant's residence and also at Sycamore Church. Prior to the admission of this testimony, there was testimony outside the jury's presence from the police officer who arranged the tape recordings. This officer also testified as to his training in the use of electronic surveillance equipment, the number of times he had used it, the equipment he was using and the good working condition of the equipment. He testified that he had listened to the conversations and had properly recorded them, that he had listened to the resulting tape which was an exact reproduction of the conversations, and that the transcript was a fair and accurate representation of the conversations on the tape.
 
 
 7
 The admission of this type of evidence is committed to the sound discretion of the trial court, and it is obvious from the record in this case that a proper foundation was established before the tapes were heard by the jury. In United States v. Long, 651 F.2d 239, 242 (4th Cir.1981), we stated:
 
 
 8
 [T]he foundation required for admitting tapes was designed to meet the broad goal of insuring that only competent and reliable recorded evidence adverse to the accused is allowed to go to the jury, and the decision to admit or deny evidence in any specific case must be viewed in light of this goal.
 
 
 9
 Since a proper foundation was presented to establish the reliability of the evidence, there was no abuse of discretion in admitting the tape recordings or the transcript used by the jury.
 
 
 10
 Therefore, the convictions of the appellant are
 
 
 11
 AFFIRMED.