947 F.2d 942
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Pascual DORESTE, Defendant-Appellant.
 No. 91-5288.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 9, 1991.
Decided Nov. 4, 1991.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Richard C. Erwin, Chief District Judge. (CR-90-208-G)
 Michael W. Patrick, Haywood, Denny, Miller, Johnson, Sessoms & Patrick, Chapel Hill, N.C., for appellant.
 Robert H. Edmunds, Jr., United States Attorney, David B. Smith, Assistant United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before PHILLIPS and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Pascual Doreste appeals from a jury verdict which found him guilty of two counts of possession with intent to distribute cocaine hydrochloride. 21 U.S.C.A. § 841 (West 1981 & Supp.1991). Doreste challenges the district court's denial of his pretrial motion to suppress evidence and his trial motion for a continuance. Because we find that the district court properly denied the motions, we affirm his conviction.
 
 
 2
 Doreste's troubles began when Bernabe Rodriguez, the driver he had hired to drive his truck from Los Angeles to the East Coast, was stopped for speeding by a police officer in North Carolina. After receiving permission from Rodriguez, the policeman searched the truck with a trained narcotics dog and found ninety-six kilograms of cocaine hydrochloride. Doreste, who was not in North Carolina when this occurred, subsequently was arrested.
 
 
 3
 Doreste filed a motion to suppress evidence obtained from the search of his tractor-trailer. The district court denied the motion on the ground that Doreste lacked standing to challenge the search.
 
 
 4
 At the trial, Doreste's defense theory was that he had developed back problems while driving his truck to Los Angeles and that Orlando Rios had arranged for Rodriguez to drive the truck back to the East Coast for him. Doreste claimed that Rios and Rodriguez used his truck to transport cocaine across the country. To corroborate his defense theory, Doreste subpoenaed Rene Flores to testify at the trial, but Flores did not appear. At the close of the other evidence, Doreste requested an overnight recess so that he could secure Flores' appearance. The district court denied the motion and the jury found Doreste guilty.
 
 Standard of Review
 
 5
 On appeal, Doreste challenges the district court's denial of his motion to suppress the search of his truck and the court's denial of his motion to recess the trial overnight in order to locate Flores, the missing witness. This Court reviews de novo legal conclusions such as the district court's finding that Doreste lacked standing to suppress evidence from the search of his truck. United States v. Ramapuram, 632 F.2d 1149, 1155 (4th Cir.1980), cert. denied, 450 U.S. 1030 (1981). Factual findings underlying the legal conclusion are subject to the clearly erroneous standard. Id. A district court's decision to grant or deny a continuance is reviewed under the abuse of discretion standard. United States v. Johnson, 732 F.2d 379, 381 (4th Cir.), cert. denied, 469 U.S. 1033 (1984).
 
 Motion to Suppress
 
 6
 The district court denied Doreste's motion to suppress the evidence from the search of his truck because the court concluded that he lacked standing to challenge the search. Doreste argues that he has standing to challenge the search because he owned the searched truck. Mere ownership does not establish standing to challenge a search and seizure. Rawlings v. Kentucky, 448 U.S. 98, 104-06 (1980); Ramapuram, 632 F.2d at 1154. To establish standing, the defendant must show that "governmental officials violated [defendant's] legitimate expectation of privacy." Rawlings, 448 U.S. at 106. The defendant bears the burden of proving that he has a legitimate expectation of privacy in the area searched or the property seized. Ramapuram, 632 F.2d at 1154.
 
 
 7
 Individuals have a reduced expectation of privacy in motor vehicles due to the high level of regulation to which they are subject. California v. Carney, 471 U.S. 386, 392 (1985). This Court has held that the owner of an abandoned and unlockable car has no legitimate expectation of privacy in the car. Ramapuram, 632 F.2d at 1155-56. In a case factually similar to this case, however, the Seventh Circuit Court of Appeals found that the owner of a searched truck had standing to challenge a search and seizure that occurred in the owner's absence.
 
 
 8
 In United States v. Powell, 929 F.2d 1190 (7th Cir.1991), a pickup truck owner pled guilty to conspiracy to distribute marijuana after a district court denied his motion to suppress evidence obtained when the truck was stopped and searched in the owner's absence. The Seventh Circuit held that the owner of the truck had standing to challenge the search and seizure even though someone else was driving the truck when it was stopped and the owner was over 1,000 miles away. Id. at 1196. However, the court concluded that there was no Fourth Amendment violation because the warrantless search and seizure fell under exceptions to the warrant requirement. Id.
 
 
 9
 Doreste had a legitimate expectation of privacy in his truck, specifically in the lockable areas such as the sleeping compartment where the drugs were found. However, although this interest gave Doreste standing to challenge the search and seizure of his tractor-trailer, as in Powell, the warrantless search and seizure did not violate the Fourth Amendment because it fell within an exception to the warrant requirement.
 
 
 10
 "[A] search authorized by consent is wholly valid." Schneckloth v. Bustamonte, 412 U.S. 218, 222 (1973). Where the government relies on consent to justify a search, the government bears the burden of proving free and voluntary consent. Id. This consent may be given by anyone with common authority over the property. United States v. Matlock, 415 U.S. 164, 170 (1974). Although the Supreme Court applied this rule to residences, several circuits also have applied the same principle to motor vehicles.
 
 
 11
 [A] third party in sole possession and control of a vehicle clearly has the authority to consent to its search.... By relinquishing possession to another, the owner or lessee of the vehicle evidences an abandonment of his or her privacy interest in the vehicle; thus, it is reasonable to conclude that the third party to whom possession was surrendered was also given authority to consent to a search of all areas of the vehicle.
 
 
 12
 United States v. Dunkley, 911 F.2d 522, 526 (11th Cir.1990) (citations omitted), cert. denied, 59 U.S.L.W. 3482 and 59 U.S.L.W. 3563 (U.S.1991). Doreste relinquished possession of his truck to Rodriguez who then had the authority to consent to a search of the vehicle.
 
 
 13
 Doreste contends that Rodriguez's consent to the search was not valid because Rodriguez spoke poor English and the police officer did not speak Spanish, Rodriguez's language. However, the Government presented evidence through the testimony of Rodriguez and the police officer that Rodriguez voluntarily and freely consented to the search. Accordingly, the motion to suppress the evidence of the search and seizure properly was denied.
 
 Motion for a Continuance
 
 14
 At his trial, Doreste planned to call Rene Flores to testify that he drove to Los Angeles in a two-truck convoy with Doreste and that Doreste developed back problems on the way. Doreste also believed that Flores would state that Doreste had discussed with him the need to get another driver to bring Doreste's truck back to the East Coast and that Orlando Rios told them he could obtain such a driver. Doreste argues that when Flores failed to appear as required by the subpoena, the district court deprived him of a fair trial and his Sixth Amendment right to compulsory process by denying his motion for a one day continuance.
 
 
 15
 When a party seeks a continuance to secure the appearance of a witness, that party must establish the following elements:
 
 
 16
 "who [the witnesses] are, what their testimony will be, that it will be relevant under the issues in the case and competent, that the witnesses can probably be obtained if the continuance is granted, and that due diligence has been used to obtain their attendance for the trial as set."
 
 
 17
 United States v. Clinger, 681 F.2d 221, 223 (4th Cir.), cert. denied, 459 U.S. 912 (1982) (quoting Neufield v. United States, 118 F.2d 375, 380 (D.C.1941), cert. denied, 315 U.S. 798 (1942)). Here, Doreste identified Flores and stated what his testimony would be and that it was relevant to Doreste's defense theory. Furthermore, Doreste used diligence to obtain Flores' presence at the trial. However, although Flores had indicated to Doreste's counsel's office that he planned to attend the trial, there was little indication that Doreste probably could have secured his appearance overnight, particularly in light of the fact that Flores already was three days late in appearing and was difficult to contact because he was travelling in his truck.
 
 
 18
 In addition to the above-described elements, a party seeking a continuance also must show that the "delay is necessary for a just determination of the case." Clinger, 681 F.2d at 223, (citing Neufield, 118 F.2d at 380). The district court has discretion to exclude any evidence, even if it is relevant, "if its probative value is substantially outweighed by ... considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403. See also Hamling v. United States, 418 U.S. 87, 127 (1974) (district court has broad discretion to exclude even admittedly relevant evidence if it is cumulative). The testimony that Doreste anticipated Flores would give was cumulative of other evidence presented in the case. Two other witnesses testified about Doreste's back problems and his medical records were received into evidence. Rodriguez testified that Rios hired him to drive Doreste's truck back to the East Coast. Thus, Flores' testimony merely would have been cumulative and the delay from the requested continuance would have wasted time. The district court did not abuse its discretion by denying Doreste's motion for a continuance.
 
 Conclusion
 
 19
 Although Doreste had standing to challenge the search of his truck, the search and seizure were valid because Rodriguez had the authority to consent to the search and he freely and voluntarily did so. Therefore, the district court did not err by denying Doreste's motion to suppress the evidence derived from the search and seizure. In addition, the testimony of the witness who failed to appear would have been cumulative of other evidence presented at the trial. Thus, the district court did not abuse its discretion by denying Doreste's motion for a continuance. Accordingly, we affirm Doreste's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 20
 AFFIRMED.