978 F.2d 1254
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Harry Ray GRUBB, Petitioner-Appellant,
v.
Edward W. MURRAY, Respondent-Appellee.
 No. 91-7677.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 27, 1992
Decided: October 26, 1992
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke.
 Harry Ray Grubb, Appellant Pro Se.
 Thomas Drummond Bagwell, Assistant Attorney General, for Appellee.
 W.D.Va.
 DISMISSED.
 Before WILKINSON, WILKINS, and HAMILTON, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Harry Ray Grubb seeks to appeal the district court's order refusing habeas corpus relief pursuant to 28 U.S.C. § 2254 (1988). Grubb challenged his convictions for grand larceny and statutory burglary, claiming four illegalities: (1) the prosecutor's key witness perjured herself at trial when she testified that she had not been previously convicted of a felony, (2) the trial court erred in denying Grubb's Motion for a Continuance to locate a key witness, (3) the evidence was insufficient in that it consisted of the mere presence of stolen goods in Grubb's residence when the petitioner was disabled and admitted only to purchasing the items from a third party, and (4) Grubb was subjected to double jeopardy in that he was punished for two acts when only one continuous act had been committed. We dismiss the appeal.
 
 
 2
 The district court determined that Grubb had procedurally defaulted all claims. With respect to Grubb's claims that he was convicted by perjured testimony and twice placed in jeopardy, the district court's decision was correct. The two remaining claims, however, were not procedurally defaulted. Both of these claims were presented to and rejected by the Virginia Supreme Court in Grubb's direct appeal. Grubb exhausted these claims by presenting them on direct appeal and was not required to pursue state habeas relief. Ylst v. Nunnemaker, 59 U.S.L.W. 4808, 4811 (U.S. 1991) (citing Castille v. Peoples, 489 U.S. 346, 349-50 (1989)).
 
 
 3
 These claims, however, are meritless. Grubb's claim alleging insufficient evidence fails to pass muster when considered on the merits under Jackson v. Virginia, 443 U.S. 307 (1979).* Reviewing a state court conviction for sufficiency of the evidence, our review is limited.
 
 
 4
 "All of the evidence is to be considered in the light most favorable to the prosecution"; a reviewing court must presume that conflicting inferences were resolved by the trier of fact in favor of the prosecution. Wright, 60 U.S.L.W. at 4644 (citing Jackson v. Virginia, 443 U.S. at 319).
 
 
 5
 Here the evidence presented by the prosecution included the following testimony: the victim of the theft recovered a majority of the stolen items from Grubb's trailer the morning after the theft; the remainder of the stolen property was returned later at Grubb's direction; a microwave oven was hidden under a blanket in Grubb's bed; Grubb told the victim that he had obtained the stolen items from a biker; Grubb told his girlfriend that he was drunk"when he done it," implying that he committed the crime and that no one else was involved; and when questioned by police, Grubb first denied having anything unusual in his trailer. Taken together, this evidence is sufficient to sustain the conviction.
 
 
 6
 Grubb's claim that he was wrongly denied a continuance is similarly without merit. A trial court's denial of a motion for a continuance is reviewed for abuse of discretion. United States v. Clinger, 681 F.2d 221, 224 (4th Cir.), cert. denied, 459 U.S. 912 (1982). The trial court's exercise of discretion exceeds constitutional bounds only when a continuance is denied on the basis of unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay. Morris v. Slappy, 461 U.S. 1, 11-12 (1983).
 
 
 7
 Where the continuance is requested to secure the attendance of a witness, the party seeking the continuance must show the identity of the witness, the testimony to be given, its relevance and competence, that the witness can be obtained if the continuance is granted, and that due diligence was used to obtain the witness' attendance for trial as set. Clinger, 681 F.2d at 223.
 
 
 8
 In this case, the trial judge denied defense counsel's Motion for a Continuance to secure the attendance of a witness who was to testify at a hearing on a Motion to Suppress. The witness, according to Grubb, would have testified that the police entered his trailer without consent and seized the stolen property. The prosecutor argued that the police did not enter the trailer, and that any search of the trailer was conducted by private parties and consented to by Grubb's girlfriend, who was living with him at the time. The trial judge noted that the Motion to Suppress was filed three minutes before the scheduled commencement of the trial and that Grubb had known for five months how the stolen items had been retrieved from his trailer. The trial court did not abuse its discretion in denying Grubb's Motion for a Continuance.
 
 
 9
 Accordingly, we deny a certificate of probable cause to appeal and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 DISMISSED
 
 
 *
 In Wright v. West, 60 U.S.L.W. 4639, 4644 (U.S. 1992), the Supreme Court considered the question of the proper standard of review to be used by federal courts considering mixed questions of law and fact in habeas cases. Declining to decide the question, the Supreme Court held that sufficient evidence supported the conviction before it, even assuming that the state's earlier rejection of the claim could be considered de novo