46 F.3d 1127
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Zafar AZIZ, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Zafar AZIZ, Defendant-Appellant.
 Nos. 93-5063, 93-5604.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 11, 1994.
Decided Jan. 9, 1995.
 
 Appeals from the United States District Court for the District of Maryland, at Baltimore. Frederic N. Smalkin, District Judge. (CR-92-341-S)
 Zafar Aziz, appellant pro se.
 Richard Charles Kay, Office of the United States Attorney, Baltimore, MD, for appellee.
 D.Md.
 AFFIRMED.
 Before NIEMEYER and WILLIAMS, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Zafar Aziz, proceeding pro se, appeals from his conviction of conspiracy to possess with intent to distribute heroin (No. 93-5063), and from the district court's order denying his motion to seal trial exhibits (No. 93-5604). We affirm.
 
 
 2
 During Aziz's trial, the government presented evidence that the Drug Enforcement Administration ("DEA"), while investigating the importation of heroin from Pakistan into the United States, enlisted the aid of a Pakistani National named Ayoub. Aziz and Sharif Khan met with Ayoub in Pakistan to arrange to receive heroin in the United States.
 
 
 3
 Special Agent Divecha of the DEA, acting as the courier for this transaction, placed several telephone calls to Aziz to schedule a meeting. During one of these conversations, which Divecha recorded, Aziz agreed that he had Divecha's "$6000 per kilo" and agreed that he and Sharif would meet Divecha in Baltimore the next day. Due to equipment malfunction, a portion of the conversation was not recorded.
 
 
 4
 During the meeting, Aziz, Sharif, and Divecha discussed the gem business, the antique business, and the drug problem in the United States. At one point during the meeting, Divecha took a bag from the closet and from that bag removed a square object wrapped in cloth.
 
 
 5
 Divecha held this object to his nose, then passed it to Aziz. Aziz held the object to his nose, then returned it to Divecha. Sharif declined to smell the object.
 
 
 6
 Aziz, testifying in his defense, agreed with most of the testimony presented in the government's case. He asserted, however, that he and Sharif were gem dealers and were arranging for the importation of emeralds into the United States for sale in New York. He stated that when Divecha first contacted him, he left a message stating that he had "brought Mr. Sharif's emeralds." Aziz testified that after Divecha produced the bag and sniffed the package, he sensed that something was not right and wanted to leave. He sniffed the package merely because his host did so.
 
 
 7
 On rebuttal, Special Agent Desaro of the Customs Service related to the jury the contents of a statement Aziz gave approximately one hour after his arrest. In that statement, Aziz admitted that he was attempting to import heroin--not emeralds--from Pakistan to sell in New York.
 
 
 8
 The court denied Aziz's motions for judgment of acquittal filed both at the close of the government's case and at the close of all the evidence. After the jury received instructions, including a missing witness instruction and instructions on the defense of entrapment, it returned a verdict of guilty. Aziz appealed (No. 93-5063). Aziz moved to seal all trial exhibits, asserting that his counsel had a secret agreement with the prosecutor, and he was concerned the evidence would be tampered with. Aziz appeals from the denial of this motion (No. 93-5604).
 
 I.
 
 9
 Aziz challenges the district court's denial of his motion to suppress statements made to government agents after his arrest, which he contends were made during plea negotiations. He alleges that the government employed coercive tactics to induce his confession. After an evidentiary hearing, the district court found that Aziz had a fundamental knowledge of the English language, the warnings given pursuant to Miranda v. Arizona, 384 U.S. 436 (1966), were adequate, and Aziz failed to show that his waiver of these rights was coerced and involuntary. These factual findings are not clearly erroneous. See United States v. Rusher, 966 F.2d 868, 873 (4th Cir.), cert. denied, 61 U.S.L.W. 3285 (U.S.1992). We find no error in the denial of the motion to suppress.
 
 II.
 
 10
 Aziz seeks to have his conviction reversed based upon numerous instances in which he claims that counsel provided ineffective assistance or no assistance. We do not reach claims of ineffective assistance on direct appeal unless ineffectiveness conclusively appears from the record, which is not the case here. United States v. Grandison, 783 F.2d 1152, 1156-57 (4th Cir.), cert. denied, 479 U.S. 845 (1986). Such claims may be raised in a motion under 28 U.S.C. Sec. 2255 (1988).
 
 III.
 
 11
 Aziz argues that his conviction should be reversed because the government entrapped him. Aziz presented this defense to the jury, and the court instructed the jury on the law of entrapment. By returning a guilty verdict, the jury apparently rejected Aziz's entrapment defense. See Glasser v. United States, 315 U.S. 60, 80 (1942). We find no error.
 
 IV.
 
 12
 Aziz next contends that the prosecutor entered into a secret agreement with defense counsel, destroyed or altered audio-tape and videotape evidence and laboratory reports, and switched the packages shown to him in the hotel room with larger packages prior to trial. Aziz also argues that the prosecutor stated during argument that the half of a $20 bill which was used for identification had been given to the DEA agent by Aziz, when the testimony showed that the DEA gave the agent the half of a $20, and misrepresented to the court the timing of two entrapment cases.* We find that any error by the prosecutor does not require reversal of Aziz's conviction. See Fed.R.Crim.P. 12(f), 51, 52(a); see also Glasser, 315 U.S. at 80.
 
 V.
 
 13
 Aziz contends that the court erred in denying his motions for judgment of acquittal. Because we find that the government presented substantial evidence which, taken in the light most favorable to the government, would warrant a jury finding that the defendant was guilty beyond a reasonable doubt, Fed.R.Crim.P. 29(a); United States v. MacCloskey, 682 F.2d 468, 473 (4th Cir.1982), we find no error in the denial of the motions for judgment of acquittal.
 
 
 14
 We also find no abuse of discretion in the district court's denial of Aziz's motion for a continuance to allow him to locate a witness and to prepare for trial. Ungar v. Sarafite, 376 U.S. 575, 589 (1964); United States v. Badwan, 624 F.2d 1228, 1229-30 (4th Cir.1980), cert. denied, 449 U.S. 1124 (1981). Aziz failed to make the showing required by United States v. Clinger, 681 F.2d 221, 223 (4th Cir.), cert. denied, 459 U.S. 912 (1982), and the district court granted sufficient time for trial preparation.
 
 
 15
 Aziz also contends that the district court erred in admitting into evidence audio and video tapes which were not authenticated and which Aziz contends were edited by the government. However, the tapes were authenticated, and the court gave Aziz the opportunity to cross-examine and present his version of the contents of the tapes. We find no abuse of discretion in the admission of this evidence. See United States v. Collazo, 732 F.2d 1200, 1203 (4th Cir.1984), cert. denied, 469 U.S. 1105 (1985).
 
 
 16
 Aziz next argues that the court erred in admitting into evidence a transcript of the audio tape which was partly in Urdu and that the government agent misinterpreted the events on the video tape. Because the court gave Aziz the opportunity to cross-examine and present his version of the events we find no abuse of discretion in the admission of the challenged evidence. Collazo, 732 F.2d at 1203; see United States v. Rengifo, 789 F.2d 975, 983 (1st Cir.1986); United States v. Cruz, 765 F.2d 1020, 1023 (11th Cir.1985).
 
 
 17
 Aziz challenges the district court's example of a safe deposit box in explaining constructive possession to the jury. He contends that the facts do not support a finding that he was in constructive possession of the heroin. However, the jury resolved this issue against Aziz. See Glasser, 315 U.S. at 80.
 
 VI.
 
 18
 Aziz raises a number of challenges to evidence presented during trial. However, Aziz's failure to object to the admission of the evidence waives appellate review of the admissibility of this evidence. See Fed.R.Crim.P. 12(f), 51. Moreover, Aziz's unsupported speculations and accusations that the government destroyed or altered the evidence do not warrant reversal of his conviction.
 
 VII.
 
 19
 We find the evidence at trial sufficient to support Aziz's conviction. Aziz agreed that he and Sharif met with Agent Divecha who was acting as the middleman for the transaction between them and Ayoub. He contended that emeralds, not heroin, was the subject of the transaction. The government produced the transcript of the tape recorded conversation in which Aziz agrees to pay Divecha "$6,000 per kilo." The video tape recording of the meeting between Aziz and Sharif and Divecha shows Divecha take a cloth-wrapped package out of a luggage bag, sniff the package, and hand it to Aziz, who sniffed the package. This package contained approximately one kilogram of heroin, and the luggage bag contained twelve similarly wrapped packages. The government also presented evidence that Aziz admitted to and explained details of his and Sharif's plan to distribute heroin in New York.
 
 
 20
 Aziz argued that the subject of the transaction was emeralds--not heroin--and/or that the government entrapped him into committing the crime. The resolution of these issues depended upon the jury's determination of the witnesses' credibility. We find that viewing the evidence in the light most favorable to the government, any rational jury could have determined Aziz's guilt beyond a reasonable doubt. See Glasser, 315 U.S. at 80.
 
 VIII.
 
 21
 Appeal No. 93-5604 is Aziz's appeal from the district court order denying his motion to seal all trial exhibits. In support of his motion, Aziz alleged that his attorney had entered into a secret agreement with the prosecution. He expressed his concern that the trial exhibits would be tampered with pending appeal. The alleged secret agreement between defense counsel and the prosecutor consists of a discovery agreement which benefited Aziz. We find no abuse of discretion in the district court's denial of Aziz's motion to seal the trial exhibits. See Nixon v. Warner Communications, Inc., 435 U.S. 589, 599 (1978); In re Application & Affidavit for a Search Warrant, 923 F.2d 324, 326 (4th Cir.), cert. denied, 500 U.S. 944 (1991).
 
 
 22
 For these reasons, we affirm Aziz's conviction and sentence and affirm the district court order denying Aziz's motion to seal the trial exhibits. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Aziz makes much of the fact that the prosecutor mistakenly informed the district court judge that this Court decided United States v. Osborne, 935 F.2d 32 (4th Cir.1991), after the decision in Jacobson v. United States, 60 U.S.L.W. 4307 (U.S.1992). Osborne states that the defendant asserting the defense of entrapment must produce some evidence of inducement. Osborne, 935 F.2d at 38. The burden then shifts to the government to prove beyond a reasonable doubt, that the defendant was predisposed to commit the crime before or during the investigation. Jacobson, 60 U.S.L.W. at 4309. The district court determined that Aziz had met his initial burden under Osborne and that the issue should be presented to the jury. Thus, the court instructed the jury on the law of entrapment. Any error in this regard was harmless. See Fed.R.Crim.P. 52(a)