**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4196**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

RICO DUVALL COLE, III,

              Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Alexander Williams, Jr., District
Judge.  (8:07-cr-00257-AW-1)

Submitted:  April 16, 2010              Decided:  May 6, 2010

Before WILKINSON, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Sapna Mirchandani, Staff
Attorney, Greenbelt, Maryland, for Appellant.  Rod J.
Rosenstein, United States Attorney, Mara B. Zusman, Assistant
United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rico Duvall Cole appeals his conviction and sentence for possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2006) (Count 1), and possession of a firearm with the serial number obliterated, in violation of 18 U.S.C. § 922(k) (2006) (Count 2). On appeal, Cole asserts that the district court abused its discretion in admitting facts under Fed. R. Evid. 404(b) regarding Cole's prior gun charges and abused its discretion in denying Cole's motions for continuance and motion to reopen the case. We affirm.

Cole first challenges the district court's reliance on Rule 404(b) to admit into evidence two handguns seized during a prior search of Cole's apartment, which formed the basis of a prior state gun conviction. One of the seized handguns had its serial number scratched off. Cole contends that because the Government's theory of the case was that Cole had actual, not constructive, possession of the handgun, Cole's prior possession of a handgun with an obliterated serial number was irrelevant, and unduly prejudicial.

Under Fed. R. Evid. 404(b), evidence of a defendant's prior bad acts, though inadmissible to prove a defendant's character and "action in conformity therewith," may be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

2

Therefore, such evidence is admissible "if the evidence is (1) relevant to an issue other than the general character of the defendant; (2) necessary to prove an element of the charged offense; and (3) reliable." United States v. Hodge, 354 F.3d 305, 312 (2004). We review the admission of evidence under Rule 404(b) for abuse of discretion. Id. After reviewing the record, we find that the district court did not abuse its discretion in admitting this evidence under Rule 404(b).

Next, Cole argues that the district court abused its discretion in denying two motions for a continuance. The first such motion was raised in the morning of the first day of trial immediately before the trial was to commence, in order to secure the presence of Antonia Chambers, a witness who allegedly would testify to the presence of several youths in the vicinity of Cole's car while he slept inside, immediately prior to his arrest.

The second motion was raised on the third day of trial, immediately prior to closing arguments. In the second motion, Cole sought a one-week continuance, to secure the testimony of both Chambers and Gale Walls. Cole argued that Cole's sister had just been contacted by Chambers, informing her that Chambers was back in town. Additionally, Cole argued that, if the trial was continued for another week, Walls's own

3

criminal trial would have concluded and she would have been able to testify without fear of incriminating herself.

"A trial court's denial of a continuance is reviewed for abuse of discretion; even if such an abuse is found, the defendant must show that the error specifically prejudiced her case in order to prevail." United States v. Williams, 445 F.3d 724, 739 (4th Cir. 2006). Where a defendant seeks a continuance to secure the presence of a witness, the defendant must prove (1) the identity of the witness; (2) what his testimony will be; (3) that the witness may likely be secured if the court grants a continuance; and (4) the defendant has exercised due diligence to obtain the witness's attendance for the trial. See United States v. Clinger, 681 F.2d 221, 223 (4th Cir. 1982). After reviewing the record, we find that the district court did not abuse its discretion in denying Cole's motions for continuances.

Finally, Cole challenges the district court's denial of his motion to reopen the evidence. We review the district court's decision whether to reopen a case for abuse of discretion. United States v. Abbas, 74 F.3d 506, 510-11 (4th Cir. 1996). In order to determine whether a district court abused its discretion in declining to reopen a case to admit new evidence, this court considers:

> (1) whether the party moving to reopen provided a reasonable explanation for failing to present the evidence in its case-in-chief; (2) whether the

evidence was relevant, admissible, or helpful to the jury; and (3) whether reopening the case would have infused the evidence with distorted importance, prejudiced the opposing party's case, or precluded the opposing party from meeting the evidence.

Id. at 511; see also United States v. Nunez, 432 F.3d 573, 579 (4th Cir. 2005) (setting out standard); United States v. Peay, 972 F.2d 71, 73 (4th Cir. 1992) (same). After reviewing the record, we find that the district court did not abuse its discretion in refusing to reopen the case after the court had issued its instructions to the jury.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED