UNITED STATES of America, Plaintiff–Appellant,

v.

Edwin Manuel COLON, a/k/a Edwin Melendez Colon, Defendant–Appellee.

No. 91–5444.

United States Court of Appeals, Fourth Circuit.

Argued June 1, 1992.

Decided Sept. 15, 1992.

William Graham Otis, Sr. Litigation Counsel, Office of the U.S. Atty., Alexandria, Va., argued (Richard Cullen, U.S. Atty., on brief), for plaintiff-appellant.

Lisa Bondareff Kemler, Moffitt, Zwerling & Kemler, P.C., Alexandria, Va., argued (William B. Moffitt, John Kenneth Zwerling, on brief), for defendant-appellee.

Before SPROUSE and HAMILTON, Circuit Judges, and TILLEY, United States District Judge for the Middle District of North Carolina, sitting by designation.

1. Appellate jurisdiction is founded on 18 U.S.C. § 3731.

OPINION

SPROUSE, Circuit Judge:

The United States appeals the ruling of the district court suppressing evidence which it characterizes as critical to its prosecution of Edwin Manuel Colon.[1] The sole issue on appeal is whether the district court abused its discretion when it denied the government's motion for a brief continuance to allow it to locate its key witness. We reverse.

Colon was indicted in the United States District Court for the Eastern District of Virginia on conspiracy, narcotics and firearms charges in violation of 21 U.S.C. §§ 841(a)(1), 846 and 18 U.S.C. §§ 2 and 924(c). At a scheduled undercover narcotics "buy," police officers, including Investigator Roger Kelly, arrested Colon after observing him engaged in countersurveillance activities. According to the government, Colon, after his arrest, provided police officers with evidence and statements implicating him in the charged offenses. After indictment and before trial, Colon moved to suppress those statements and physical evidence[2] contending that the arrest was made without probable cause and in violation of his Fourth, Fifth and Sixth Amendment rights under the United States Constitution.

The district court set a hearing on the motion for 9:00 a.m. on October 18, 1991, and on that date, the court called the case at 9:05 a.m. But, Michael Liebman, the Special Assistant United States Attorney in charge of the prosecution of this case, was not present. Another assistant from the United States Attorney's office was in court and offered to locate Liebman. While the assistant searched for Liebman, the court proceeded to another matter. The assistant returned shortly and advised the court that attorney Liebman was before another judge in the same building. At approximately 9:15 a.m., the court called the case a second time and indicated that it would proceed. Simultaneously with this

2. The motion to suppress involved a receipt discovered in a bag seized from Colon during the arrest and admissions allegedly made after the police gave a *Miranda* warning.

announcement, Liebman entered the courtroom. The court admonished him for being late and directed him to call his first witness.[3] Liebman called Investigator Roger Kelly, an eleven-year veteran police officer who was to testify that there had been probable cause for Colon's arrest and that Colon had received a *Miranda* warning. Kelly, however, was not present in the courtroom. Liebman requested a recess in order to find Kelly. He advised the court that he had spoken with Kelly before the hearing, and Kelly had indicated that he would be present. The district court refused the government's request for time to search for Kelly and directed the marshal to call Kelly's name in the hallway outside the courtroom while it considered other motions that Colon had filed.

During this brief period, efforts to locate Kelly were unsuccessful. Liebman again requested additional time to secure his witness, emphasizing that his co-counsel was searching for Kelly. The court, after denying the government's alternative offer to proffer the evidence, granted Colon's motion to suppress at 9:26 a.m. The criminal docket ran until 10:00 a.m.

Later that day, the government filed a motion for reconsideration, offering by affidavit Kelly's statement that he had arrived at the courthouse at 8:55 a.m. and had checked the building directory for the correct courtroom, which was listed as room 205. He stated that he walked by room 203 and entered the next door, which he assumed was room 205. He did not see Liebman, but was not surprised because he knew of Liebman's scheduling conflict. After waiting some time, Kelly realized that he was not in the right courtroom and discovered the correct one at 9:45 a.m. Since he did not see Liebman in the courtroom, he telephoned the United States Attorney's office and discovered that the court had heard and had granted Colon's motion. The district court, after considering these facts, denied the government's

motion for reconsideration stating, "The court has a busy docket and is unwilling to excuse counsel for the government in not having his witness in court at the prescribed time." *United States v. Colon*, No. 91–322–A (E.D.Va. Oct. 18, 1991) (order granting motion to suppress and denying motion for reconsideration).

The decision to grant or deny a motion for continuance, lies within the sound discretion of the trial court. *United States v. Gaither*, 527 F.2d 456, 457 (4th Cir.1975), *cert. denied*, 425 U.S. 952, 96 S.Ct. 1728, 48 L.Ed.2d 196 (1976). To rise to the level of reversible error the court's action must be prejudicial. *United States v. Bakker*, 925 F.2d 728, 735 (4th Cir.1991). Here we are persuaded not only that the court abused its discretion in denying the government's motion for a brief continuance, but that the denial prejudiced the government's case.

A trial court, of course, must control its docket and docket expedition is a legitimate and worthy concern. Here, however, the record leaves the distinct impression that the court's concern with resolving the motion during its scheduled time overshadowed the need for a judicious and reasoned consideration of the motion before the court. *See United States v. Clinger*, 681 F.2d 221, 223 (4th Cir.), *cert. denied*, 459 U.S. 912, 103 S.Ct. 221, 74 L.Ed.2d 176 (1982). While timely resolutions of disputes are important, there cannot be an "unreasoning and arbitrary 'insistence on expeditiousness in the face of a justifiable request for delay.'" *Bakker*, 925 F.2d at 735 (quoting *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S.Ct. 841, 849, 11 L.Ed.2d 921 (1964)); *see also Morris v. Slappy*, 461 U.S. 1, 11–12, 103 S.Ct. 1610, 1616–17, 75 L.Ed.2d 610 (1983).

A continuance of a few minutes would have allowed the government adequate time to locate Kelly, and would have caused the district court minor inconve-

---

**3.** Liebman informed the court that he had telephoned the judge's chambers the previous day and left a message stating that he would be delayed on the morning of the hearing because he was assigned to another matter in another courtroom. The trial judge indicated that he had not received the message. He later acknowledged, however, that court personnel received Liebman's message but had not relayed it to him.

nience. The courthouse could have quickly been searched for the missing Kelly.[4] As it developed, he was waiting down the hall and would have recognized the assigned government attorney. Liebman had previously informed the court of his scheduling conflict, and since error by court personnel prevented the court from receiving the message, Kelly's tardiness was the only delay for which the government arguably could be faulted.

■ We also are persuaded that the denial of the government's motion for continuance prejudiced the presentation of its case. In *Clinger*, we set forth elements that a party must show when seeking a continuance in order to produce a witness. We said:

> When a continuance is sought to secure the attendance of a witness, the following elements must be proved by the party requesting the continuance: "who [the witness] [is], what [his] testimony will be, that it will be relevant under the issues in the case and competent, that the witness can probably be obtained if the continuance is granted, and that due diligence has been used to obtain [his] attendance for the trial as set."

*Clinger*, 681 F.2d at 223 (*quoting, Neufield v. United States*, 118 F.2d 375, 380 (D.C.Cir.1941), *cert. denied sub nom, Ruben v. United States*, 315 U.S. 798, 62 S.Ct. 580, 86 L.Ed. 1199 (1942)); *accord United States v. Bourne*, 743 F.2d 1026, 1030 (4th Cir.1984).

According to the government, Kelly's testimony was critical to its opposition to the suppression motion. The government contends that Kelly, a veteran police officer, would have testified that there had been probable cause for Colon's warrantless arrest and that Colon had received a *Miranda* warning before admitting his guilt on the charged offenses.[5] Liebman advised the trial court of the probativeness and importance of Kelly's testimony and assured the court that Kelly would likely appear if the trial judge granted a continuance. Further, it appears that the government attorney adequately prepared his case, including contacting Kelly prior to the hearing and obtaining assurances that he would attend.

In our view, the government satisfied the *Clinger* requirements, and there appears to have been no principled reason for the denial of its motion for continuance. A continuance would have delayed the argument thirty minutes, at the maximum, and this short recess would not have hampered Colon's ability to present his evidence. *See United States v. Tedesco*, 726 F.2d 1216, 1221 (7th Cir.1984); *United States v. Dennis*, 625 F.2d 782, 794 (8th Cir.1980). The government should have had its time in court and a brief continuance would have provided that opportunity. We are persuaded that the district court's denial under these circumstances was an abuse of discretion and was prejudicial to the government's presentation of its case.

REVERSED.

---

4. The defendant's brief indicates, and the government does not dispute, that the courthouse is a small building with only four courtrooms and three levels.

5. Kelly had previously testified to these facts at Colon's detainment hearing on July 31, 1991.