**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 93-5140
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICKY MARTIN JERNIGAN,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
May 2, 1994

Before POLITZ, Chief Judge, JOLLY and DUHÉ, Circuit Judges.

POLITZ, Chief Judge:

Ricky Martin Jernigan appeals his jury conviction of conspiracy to possess marihuana with intent to distribute, 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(vii).  We affirm.

Background

Jernigan was arrested in September 1990 after purchasing 175 pounds of marihuana from undercover agents of the Drug Enforcement Administration.  He was indicted for conspiracy to possess marihuana with intent to distribute, entered a plea of not guilty, and his trial was scheduled for November 19, 1990.  Jernigan moved

for and was given four continuances, variously citing counsel's scheduling conflicts and seeking time to pursue plea negotiations or psychological testing, and it was not until March 12, 1993 that his jury trial finally commenced after his fifth request for a continuance was denied. Convicted and sentenced to 63 months imprisonment and a period of supervised release, Jernigan timely appealed.

## Analysis

Jernigan's primary assignment of error on appeal is the alleged deprivation of both statutory and constitutional rights to a speedy trial. By statute, a criminal defendant must be brought to trial within 70 countable days of his indictment.[1] Because Jernigan did not move for dismissal on this ground in the district court we do not address same.[2]

Jernigan's claim of sixth amendment delay is resolved by considering four factors: (1) the length of the delay; (2) the reason for the delay; (3) when the defendant asserted his right; and (4) any prejudice to the defendant resulting from the delay.[3] While a pretrial span of nearly three years raises an inference of

---

[1]18 U.S.C. § 3161(c)(1). Although Jernigan signed documents waiving his right to a speedy trial, such waiver documents are generally ineffective. **United States v. Willis**, 958 F.2d 60 (5th Cir. 1992).

[2]"Failure of the defendant to move for dismissal prior to trial . . . shall constitute a waiver of the right to dismissal" under the Speedy Trial Act. 18 U.S.C. § 3162(a)(2). See also **United States v. Milhim**, 702 F.2d 522 (5th Cir. 1983).

[3]**United States v. Garcia**, 995 F.2d 556 (5th Cir. 1993) (citing **Barker v. Wingo**, 407 U.S. 514 (1972)).

2

tainting delay,[4] in the instant case the remaining factors militate against finding a constitutional violation. The delays were attributable primarily to Jernigan's multiple requests for contintuances.[5] It is to be noted that Jernigan did not complain of any delay prior to this appeal. Further, as to prejudice,[6] Jernigan alleges that a belated psychiatric examination by the government's expert prevented the jury from understanding his mental state at the time of the crime. At trial, however, Jernigan offered testimony from two expert witnesses who examined him in 1990. On this record, the complained-of delay caused no possible prejudice. Application of the four-factor **Garcia/Barker** test discloses no sixth amendment violation.

Jernigan's second assignment of error alleges ineffective assistance based upon counsel's failure to have his two psychiatrists testify in person at a competency hearing. To establish a claim for ineffective assistance Jernigan must demonstrate that counsel's performance was outside a broad range of reasonable conduct and, but for counsel's ineffectiveness, the

---

[4]**Robinson v. Whitley**, 2 F.3d 562 (5th Cir. 1993), <u>cert</u>. <u>denied</u>, 114 S.Ct. 1197 (1994).

[5]**Nelson v. Hargett**, 989 F.2d 847 (5th Cir. 1993) (defendant will not be heard to complain of lapses of time attributable to continuances he sought). Jernigan specifically complains that his December 5, 1990 request for a continuance of roughly one month should not have led to a delay of more than a year. In isolation this fact might give rise to a sixth amendment claim. In the instant case, however, Jernigan's argument is stripped of all force by the fact that he sought at least three additional continuances <u>after</u> the complained-of delay.

[6]A defendant responsible for "the lion's share" of a delay must demonstrate "concrete proof" of prejudice. **Id.**

result of the competency hearing likely would have been different.[7] Unlike in **Hull v. Freeman**,[8] where counsel allowed the testimony of the government's expert to go unchallenged, counsel herein offered the reports of the two defense psychiatrists and aggressively cross-examined the government's expert.  Further, having heard the evidence on Jernigan's state of mind, the jury rejected his defense of diminished capacity.  We are not persuaded that on these facts it is likely that there would have been a different outcome had Jernigan's psychiatrists been present in person for the competency hearing.

Jernigan's remaining contentions are without merit.

AFFIRMED.

---

[7]**Strickland v. Washington**, 466 U.S. 668 (1984).

[8]932 F.2d 159 (3d Cir. 1991).

4