**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 96-4787

DANNY MITCHELL WATTS,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CR-96-135-A)

Argued: May 4, 1998

Decided: July 8, 1998

Before WILKINSON, Chief Judge, WILKINS, Circuit Judge,
and BLAKE, United States District Judge for the
District of Maryland, sitting by designation.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

**ARGUED:** Martin Gregory Bahl, FEDERAL PUBLIC DEFEND-
ER'S OFFICE, Baltimore, Maryland, for Appellant. Wainscott
Walker Putney, Special Assistant United States Attorney, UNITED
STATES ATTORNEY'S OFFICE, Alexandria, Virginia, for Appel-
lee. **ON BRIEF:** James K. Bredar, Federal Public Defender, Beth M.

Farber, Chief Assistant Federal Public Defender, Baltimore, Maryland, for Appellant. Helen F. Fahey, United States Attorney, David G. Barger, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Danny Mitchell Watts appeals his convictions for attempting to evade or defeat tax, see 26 U.S.C.A. § 7201 (West 1989); making or subscribing a false return, see 26 U.S.C.A.§ 7206(1) (West 1989); bank fraud, see 18 U.S.C. § 1344 (1988, Supp. I 1990, & Supp. II 1991); and bankruptcy fraud, see 18 U.S.C.§ 152(3) (1994). With respect to his convictions, Watts maintains that the district court abused its discretion in denying his motion for a continuance and committed plain error in failing to instruct the jury that in order to convict Watts of bankruptcy fraud it was required to find that Watts' false statements were material to the bankruptcy proceeding. Watts also challenges an order of the court directing him to pay restitution to GMAC, asserting that the order was improper because GMAC was not a "victim" as that term is defined by a provision of the Victim and Witness Protection Act (VWPA) of 1982. See 18 U.S.C. § 3663(a)(1), (2) (Supp. IV 1993). For the reasons that follow, we affirm Watts' convictions but vacate the restitution order and remand for further proceedings.

I.

The conduct underlying Watts' convictions may be stated briefly. In 1990, Watts filed federal income tax returns for the 1989 tax year on behalf of himself and a limited partnership. On both returns, Watts failed to report income derived from a sale of real property owned by

2

the partnership. Additionally, Watts did not include profits from the sale of a business on his personal return. Between 1989 and 1991, Watts applied for and obtained loans from four different banks, submitting false tax returns in support of the applications. Watts later defaulted on one of the loans. Subsequently, Watts filed a petition for bankruptcy relief on which he falsely stated that he had earned no income during 1989 and 1990.

## II.

Watts first contends that the district court erred in denying his motion for a continuance. Watts was arraigned on April 22, 1996, at which time counsel was appointed and a trial date of June 19 was set. The district court thereafter determined that Watts was not eligible for court-appointed counsel and directed Watts to retain an attorney. Retained counsel was substituted on May 15. On May 24, Watts moved for a continuance, asserting that five weeks did not provide sufficient preparation time. The court denied the motion.

We review the denial of a motion for continuance only to determine whether the district court abused its discretion. See United States v. LaRouche, 896 F.2d 815, 823 (4th Cir. 1990). In light of the broad authority of the district court to control its docket, we will not find an abuse of discretion unless the denial of a motion for continuance indicates "an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay." Morris v. Slappy, 461 U.S. 1, 11-12 (1983) (internal quotation marks omitted). Reversal is not required unless the defendant was prejudiced by the denial. See United States v. Colon, 975 F.2d 128, 130 (4th Cir. 1992).

We conclude that the district court did not abuse its discretion in denying the motion for continuance. Watts primarily argues that the five weeks between the substitution of retained counsel and the scheduled trial date did not provide adequate time to prepare, particularly in view of the amount of time spent by the Government investigating Watts and preparing its case against him. We disagree. Although Watts faced several charges, his defense to each charge--that he had committed the acts alleged, but had not done so willfully--was relatively simple to prepare and present. Additionally, Watts has pointed to no prejudice arising from the denial of the motion for continuance

3

other than a generalized assertion that counsel did not have time to review thoroughly all of the documents provided by the Government during discovery. Such vague allegations are not adequate to satisfy the prejudice requirement. See LaRouche, 896 F.2d at 825 (observing that "[m]ore than a general allegation of`we were not prepared' is necessary to demonstrate prejudice").

III.

Watts next maintains that the district court erred in failing to instruct the jury that materiality is an element of bankruptcy fraud under 18 U.S.C. § 152(3). That statute prohibits "knowingly and fraudulently mak[ing] a false declaration, certificate, verification, or statement under penalty of perjury ... in or in relation to any case under title 11." 18 U.S.C. § 152(3). Although § 152(3) does not by its terms require that the false statement be material, Watts points to several decisions from other circuits that have interpreted the provision to include a materiality requirement. See, e.g. , United States v. Ellis, 50 F.3d 419, 422 (7th Cir. 1995); United States v. Lindholm, 24 F.3d 1078, 1082-83 (9th Cir. 1994); United States v. Yagow, 953 F.2d 427, 432-33 & n.2 (8th Cir. 1992). The Government argues that the continuing validity of these decisions is questionable in view of the recent decision of the Supreme Court in United States v. Wells, 117 S. Ct. 921, 926-31 (1997) (declining to read a materiality requirement into 18 U.S.C.A. § 1014 (West Supp. 1998)).

Although Watts offered a proposed instruction on materiality, he failed to object to the instructions as given by the district court. See Fed. R. Crim. P. 30 (providing that "[n]o party may assign as error any portion of the charge or omission therefrom unless that party objects thereto before the jury retires to consider its verdict"). Accordingly, our review is for plain error. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993). In order to establish our authority to notice an error not preserved by a timely objection, Watts must show that an error occurred, that the error was plain, and that the error affected his substantial rights. See Olano, 507 U.S. at 732; United States v. Cedelle, 89 F.3d 181, 184 (4th Cir. 1996). Even if Watts can satisfy these requirements, correction of the error remains within our sound discretion, which we "should not exercise ... unless the error `seriously affect[s] the fairness, integrity or public reputation

4

of judicial proceedings.'" Olano, 507 U.S. at 732 (second alteration in original) (quoting United States v. Young, 470 U.S. 1, 15 (1985)); see United States v. David, 83 F.3d 638, 641 (4th Cir. 1996).

For purposes of this appeal only, we assume, without deciding, that the failure of the district court to instruct the jury that materiality is an element of a violation of § 152(3) was error and that the error was plain. Further, based on this assumption, because the jury never made the required finding, Watts' substantial rights necessarily were affected. See David, 83 F.3d at 647.

Nevertheless, we decline to exercise our discretion to notice any error. Our discretion is appropriately exercised only when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks omitted) (alteration in original)."Central to this inquiry is a determination of whether, based on the record in its entirety, the proceedings against the accused resulted in a fair and reliable determination of guilt." Cedelle, 89 F.3d at 186.[1] Here, there can be no question that the false statement made by Watts in the course of his bankruptcy proceeding--that he had earned no income during 1989 and 1990--was material. Indeed, Watts acknowledged as much during oral argument, maintaining only that the jury should have been allowed to decide the question for itself. Accordingly, we decline to reverse his conviction.

IV.

Finally, Watts maintains that the district court improperly ordered him to pay restitution to GMAC. GMAC suffered a loss of over $700,000 after Watts defaulted on a loan he obtained by submitting false tax returns.[2] Although Watts' conduct in obtaining this loan did

_____

[1] We are not here presented with circumstances in which an error may warrant the exercise of our discretion to notice plain error "even though the record demonstrates that the defendant is guilty." Cedelle, 89 F.3d at 186 n.4.
[2] Watts obtained the loan from Franklin Mortgage Capital Corporation; GMAC subsequently purchased the loan.

5

not form the basis of any count of conviction, the district court never-theless determined that GMAC was a victim within the meaning of the VWPA. Because Watts failed to object to the restitution order during his sentencing hearing, our review is for plain error. See United States v. Castner, 50 F.3d 1267, 1277 (4th Cir. 1995).

Under the VWPA, the district court may order a defendant to pay "restitution to any victim" of an offense of conviction. 18 U.S.C. § 3663(a)(1); see United States v. Blake , 81 F.3d 498, 506 (4th Cir. 1996) (observing that the authority of a district court to order restitution is limited to the terms of the VWPA). In 1991, when Watts committed the acts on which the court based its order to pay restitution to GMAC, the statutory definition of the term "victim" included "any person directly harmed by the defendant's criminal conduct in the course of [a] scheme, conspiracy, or pattern" of criminal activity that is an element of the offense of conviction. 18 U.S.C. § 3663(a)(2). As we explained in Blake,

> [The VWPA] does not authorize a district court to order restitution to all individuals harmed by a defendant's criminal conduct. For a person to be considered a victim under § 3663, the act that harms the individual must be either conduct underlying an element of the offense of conviction, or an act taken in furtherance of a scheme, conspiracy, or pattern of criminal activity that is specifically included as an element of the offense of conviction. But, if the harm to the person does not result from conduct underlying an element of the offense of conviction, or conduct that is part of a pattern of criminal activity that is an element of the offense of conviction, the district court may not order the defendant to pay restitution to that individual.

Blake, 81 F.3d at 506 (citations omitted).

GMAC is not a victim under this standard. Watts' conduct in submitting false tax documents in order to obtain the loan from GMAC did not underlie any element of any of the offenses of conviction, nor were his actions taken in furtherance of any scheme, conspiracy, or pattern of criminal activity that was an element of any of the offenses of conviction. The district court therefore erred in ordering Watts to

6

pay restitution to GMAC. Moreover, the error was plain in light of the clear language of § 3663(a)(2) and our presentencing decision in Blake. And, because the VWPA provided the only authority for an order of restitution in this case, the error necessarily affected Watts' substantial rights. Finally, we conclude that the circumstance presented here--an order of restitution that exceeded the authority of the district court--warrants the exercise of our discretion to notice plain error. Accordingly, we vacate the restitution order and remand for reconsideration by the district court.

V.

In sum, we conclude that the district court did not abuse its discretion in denying Watts' motion for a continuance. And, assuming that the court committed plain error in refusing to instruct the jury that materiality is an element of bankruptcy fraud under 18 U.S.C. § 152(3), we decline to exercise our discretion to notice the error. Accordingly, we affirm Watts' convictions. Finally, because the district court improperly ordered Watts to pay restitution to GMAC, we vacate the restitution order and remand for further proceedings.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED