**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 98-4142

KATIE B. CLARK,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CR-97-10)

Submitted: December 22, 1998

Decided: January 21, 1999

Before HAMILTON, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William W. White, Jr., Greensboro, North Carolina, for Appellant.
Janice McKenzie Cole, United States Attorney, Anne M. Hayes,
Assistant United States Attorney, David J. Cortes, Assistant United
States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Katie B. Clark was convicted by a jury of aiding and assisting in the preparation of and presentation of false tax returns and making false statements under penalty of perjury in violation of 26 U.S.C. §§ 7602(1), (2) (1994). She was sentenced to twenty-four months' imprisonment. On appeal, she maintains that the district court abused its discretion in denying her motion for a continuance and violated her due process rights by commencing trial on the same day she was arraigned on a superseding indictment charging two new counts. Finding no abuse of discretion, we affirm Clark's conviction and sentence.

A grand jury indicted Clark on April 3, 1997, on ten counts of aiding and assisting in the preparation of false tax returns on behalf of various individuals. Clark, accompanied by counsel, made an initial appearance on April 15, 1997. On June 5, 1997, the grand jury returned a superseding indictment adding two new counts alleging that Clark made false statements on her personal tax returns. Clark, on June 6, 1997, made the first motion for a continuance, which was granted on June 13, 1997. At this time, the court rescheduled both the arraignment and trial from June 23, 1997 to July 7, 1997. On June 23, 1997, both parties moved for a continuance, which the court granted on June 25, 1997, moving the arraignment and trial date to August 18, 1997. On Clark's motion, the court, on August 20, 1997, again continued the arraignment and trial to September 15, 1997. The Government moved for the fourth and last continuance on September 4, 1997. On September 5, 1997, the court granted the motion and reset the arraignment and jury trial to October 14, 1997. Although Clark moved for another continuance on October 14, 1997, the court denied the motion and proceeded with the arraignment on the twelve counts and the jury trial. The jury convicted Clark on ten of the twelve counts.* The court subsequently sentenced Clark to concurrent terms of twenty-four months' imprisonment and concurrent one-year terms of supervised release on each count.

_____

*The court dismissed two counts.

2

We review the denial of a motion for continuance only to determine whether the district court abused its discretion. See United States v. LaRouche, 896 F.2d 815, 823 (4th Cir. 1990). In light of the broad authority of the district court to control its docket, we will not find an abuse of discretion unless the denial of a motion for continuance indicates "an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay." Morris v. Slappy, 461 U.S. 1, 11-12 (1983) (internal quotation marks omitted). Reversal is not required unless the defendant was prejudiced by the denial. See United States v. Colon, 975 F.2d 128, 130 (4th Cir. 1992).

We conclude that the district court did not abuse its discretion in denying the motion for continuance. Clark primarily argues that the court's decision to proceed with the jury trial the same day she was arraigned on the two new charges did not give her adequate time to prepare her defense and that it violated her due process rights. We disagree. The court granted four continuances of the arraignment and trial after the filing of the superseding indictment. These continuances allowed an extended preparation period of approximately four months after Clark was put on notice of the additional counts in the superseding indictment. Moreover, each of the court orders granting the motions for continuances specify that arraignment and trial are scheduled for the same day. Not only did Clark have more than ample notice of the charges against her and generous preparation time to defend against the new charges, but Clark points to no prejudice arising from the denial of the motion for continuance other than a generalized assertion that counsel did not have adequate time to prepare. Such vague allegations are insufficient to satisfy the prejudice requirement. See LaRouche, 896 F.2d at 825 (observing that "[m]ore than a general allegation of `we were not prepared' is necessary to demonstrate prejudice").

Because we find no abuse of discretion in the district court's denial of Clark's motion for continuance, we affirm Clark's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3