**UNITED STATES of America**

v.

**Stone HAYNES, Jr.**

**No. 1:99–CR–129.**

United States District Court,
E.D. Texas,
Beaumont Division.

July 31, 2000.

Joseph Batte, Thomas Kienhoff, Assistant United States Attorneys, Beaumont, TX, for Plaintiff.

David E. Grove, Thomas J. Sibley, Beaumont, TX, for Defendant.

## MEMORANDUM OPINION AND ORDER

COBB, District Judge.

The government's Motion for Reconsideration of an Order granting continuance signed by the late Judge Fisher is now before the court. The Order dated June 12, 2000 granted the defendant, Stone Haynes, Jr., a three year continuance of his trial date. Mr. Haynes's trial was set for July 3, 2000 and was continued until July 21, 2003. Judge Fisher passed away June 19, 2000, and this case has now been transferred to this court. The court has reviewed the memoranda of the parties and held a hearing on the motion for re-consideration. Because it appears the government's response in opposition to the motion for continuance was not considered by Judge Fisher, this court grants the government's motion and sets this case for jury selection and trial beginning on the 10th day of October, 2000.

## I. BACKGROUND

The defendant, Mr. Haynes, was named in a nine count indictment filed with the court on August 18, 1999. This indictment charged a single count of wire fraud, a structuring count under 18 U.S.C. § 1957, and seven mail fraud counts. Trial was originally set for October 25, 1999 in front of Judge Heartfield. A superseding indictment was filed with the court on May 18, 2000. The superseding indictment contained eight counts. The superseding indictment reduced the number of mailing dates alleged in the mail fraud counts and requested criminal forfeiture of currency.

Prior to the most recent motion, the defendant received three other continuances each for a 30 day period of time. Two of these continuances were granted by Judge Heartfield. On March 30, 2000, Judge Heartfield, *sua sponte*, transferred this case to Judge Fisher. Judge Fisher then granted another standard 30 day continuance.

On June 8, 2000, a fourth motion for continuance was filed by the defendant. This motion sought a three year continuance so that the defendant could attend law school. The defendant's motion asserted that during law school the defendant could demonstrate his good conduct, work in a legal aid clinic, and eventually render community service as a *pro bono* lawyer after he graduated from school. The defendant also asserted that he had *settled* with the only two victims of the alleged crimes and that this weighed in favor of a three year continuance. Finally, the motion stated that "the benefit to the public and to the Defendant would be served by continuing this case for three years due to the nature of this case, the

complexity of the case, and the benefit to society as a whole."

On June 9, 2000, the government filed its objection to the proposed continuance. The government argued that a three year continuance for an individual to complete law school is not authorized by the Speedy Trial Act. *See* 18 U.S.C. § 3161(h). The government claimed that a continuance can only be granted to observe a defendant's good conduct if the government consents, 18 U.S.C. § 3161(h)(2), which the government explicitly refused to do. The government's response also noted that civil settlements with victims are not a basis to grant a continuance. *See* 18 U.S.C. § 3161(h) (listing factors for a continuance). Finally, the government maintained that it would be prejudiced by such a continuance since travel arrangements had been made for many of the 25 witnesses the government intended to call at trial and there was no evidence that the defendant needed three years to prepare his case.

On June 12, 2000 an order with Judge Fisher's stamped signature granting the continuance was time stamped. The docket sheet shows this order as entered on June 14, 2000. The order at issue states that a continuance will allow the court and the government the ability to observe the defendant's conduct. The order also stated that the settlement documents demonstrated that two of the defendant's victims had been "adequately compensated." The order also included a finding that the benefits to society which would be provided if the defendant attended law school would far outweigh the benefits society or the defendant would realize if the trial was held as scheduled on July 3, 2000.

As stated above, on June 19, 2000, Judge Fisher died after a brief battle with cancer and this case was then transferred to this court. The government has filed its motion for reconsideration of the order granting the three year continuance. The government's motion maintained that the grounds urged in support of the motion for continuance find no support in the Speedy Trial Act or federal case law. The government also stated that Judge Fisher never had an opportunity to review their opposition to the continuance because he was extremely ill when it was filed.

## II. ANALYSIS

### A. General Principles

■ This court has noted before that it does not sit as a one person court of appeals over its brethren in the Eastern District of Texas. When cases are transferred from judge to judge in this district, this court will follow substantive rulings previously made unless the prior ruling was erroneous, is no longer sound, or would work an injustice. *Abshire v. Seacoast Prods., Inc.*, 668 F.2d 832, 837–38 (5th Cir.1982). As a practical matter though, it is impossible for this court to maintain case schedules entered by other judges before being transferred to this court.

■ It is well settled that courts are given broad discretion concerning scheduling matters. *See United States Sec. Exch. Comm'n v. Infinity Group Co.*, 212 F.3d 180, 197 (3d Cir.2000) ("matters of docket control and scheduling are within the sound discretion of the district court"); *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir.1999); *Gonzalez v. Ingersoll Milling Machine Co.*, 133 F.3d 1025, 1030 (7th Cir.1998); *United States v. Jernigan*, 20 F.3d 621 (5th Cir.1994); *United States v. Reed*, 2 F.3d 1441 (7th Cir.1993); *United States v. Colon*, 975 F.2d 128, 130 (4th Cir.1992); *United States v. Garmany*, 762 F.2d 929, 936 (11th Cir. 1985). With these principles in mind, the court turns to the merits of the motion for reconsideration.

### B. The Three Year Continuance

■ The government has argued that Judge Fisher did not have an opportunity to review its opposition to the three year continuance. The government contends

that this court should review its motion and then consider the merits of the continuance. This court agrees.

None of the concerns addressed by the government in its motion in opposition are covered by the Order granting the continuance. The Order does not address the fact that the government explicitly objected to the continuance on the basis that the Speedy Trial Act does not allow continuances for the purposes of observing the defendant's conduct while in law school without government consent. Nor does the order address the government's argument that civil settlements are not a basis for granting a three year continuance. Therefore, this court is of the opinion that Judge Fisher likely did not have an opportunity to review the government's arguments.

■ After reviewing the government's arguments and the defendant's additional arguments, it is the opinion of this court that a three year continuance is not warranted. The defendant has not cited one case where an individual has been granted a three year continuance in order for the defendant to continue his or her studies in higher education. The government pointed out during the hearing on the motion for reconsideration that such a result could depend on the wealth of the accused. Such a result was not intended by Congress when it passed the Speedy Trial Act. Moreover, the public has an interest in seeing the quick resolution of criminal cases. *See* 18 U.S.C. § 3161(h)(8) (stating that the trial judge before granting a continuance must weigh the "best interest of the public and the defendant in a speedy trial"). The defendant has argued that the public has a strong interest in having this case continued for three years since upon graduation Mr. Haynes will be able to perform *pro bono* legal work. However, this ignores the fact that there is a strong possibility that Mr. Haynes will not be able to practice law since he is currently under felony indictment. *See* TEX. R. GOVERN. BAR ADM'N IV, (d)(2) (West Supp.2000) ("An individual guilty of a felony under this rule is conclusively deemed not to have present good moral character and fitness and shall not be permitted to file a Declaration of Intention to Study Law or an Application for a period of five years after the completion of the sentence and/or period of probation."); TEX. R. GOVERN. BAR ADM'N VI, (a)(1)(C) and (E) (West Supp.2000) (all Texas law students must file a Declaration of Intention to Study Law which shall show "the Declarant's criminal history" and "the Declarant's history with regard to charges of fraud in any legal proceeding"). Thus, it is this court's opinion that both Mr. Haynes's and the public's interests are better served by having a timely resolution of this case.

Finally, the Supreme Court has ruled that the President of the United States has no right to have his case stayed until he leaves office. *Clinton v. Jones*, 520 U.S. 681, 706–09, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997). This court sees no reason why an individual seeking to further educate himself can delay trial while the President of the United States cannot. Neither the Speedy Trial Act nor federal case law interpreting it can be read to compel such a result.

### III. CONCLUSION

Because it is unlikely that the government's opposition to the continuance was ever considered by Judge Fisher, after reviewing the motions of the parties, it is clear that a three year continuance is highly unusual and is not explicitly provided for in the Speedy Trial Act. This court defers to all previously made substantive judgments made by other judges in the Eastern District of Texas in cases that are transferred to this judge. However, matters of scheduling are not the same thing as substantive judgments. Therefore, the trial of this case is hereby scheduled for October 10, 2000. For the foregoing rea-

sons, the government's Motion for Reconsideration is GRANTED.