**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4151

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

KIBRUYSFA AKLILU DEGEFA, a/k/a Kibruysfa Akilu Degefa,

Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Liam O'Grady, District Judge. (1:21-cr-00104-LO-1)

Submitted: March 21, 2023                    Decided: May 31, 2023

Before WYNN, and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Gregory T. Hunter, Arlington, Virginia, for Appellant. Jessica D. Aber, United States Attorney, Richmond, Virginia, Jacqueline R. Bechara, Assistant United States Attorney, Michael P. Ben'Ary, Assistant United States Attorney, Rachel M. Roberts, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Defendant Kibruysfa Degefa appeals his conviction by a jury on eight drug- and firearm-related charges arising from his role in a conspiracy to distribute fentanyl and eutylone. The jury found him guilty on all counts after a trial that featured testimony by two codefendants, Natnael Dagne and Niurka Guerrero, both of whom entered guilty pleas. Degefa was then sentenced to a combined 168 months' imprisonment followed by a term of supervised release. We have carefully considered the parties' briefs and reviewed the record, and finding no reversible error, we affirm.

The defendant raises three challenges to his convictions. First, he argues that the district court abused its discretion when it granted the government's motion to try him separately from his codefendant Dagne and to continue his trial date. The government sought the severance and continuance primarily because it planned to introduce against Dagne a self-incriminating statement that also incriminated the defendant, Degefa. Introducing that statement at a joint trial could violate the defendant's Sixth Amendment Confrontation Clause rights, the government explained, and a severance would remedy that problem. *See Bruton v. United States*, 391 U.S. 123 (1968). The district court agreed and found that a continuance was appropriate under all the circumstances of the case. We review a district court's decision on a motion for severance or continuance for an abuse of discretion and will reverse a grant of a continuance only if it is prejudicial to the defendant. *United States v. Odom*, 888 F.2d 1014, 1017 (4th Cir. 1989) (motion to sever); *United States v. Colon*, 975 F.2d 128, 130 (4th Cir. 1992) (motion to continue). We find no abuse of discretion here.

2

Second, the defendant argues that the district court erred when it allowed the government to introduce medical evidence – an autopsy report and toxicology screen – regarding an accidental overdose death that led to his arrest. The defendant was not charged with that death, and he contends that this evidence should have been excluded under Federal Rule of Evidence 403 because the risk of unfair prejudice substantially outweighed the evidence's probative value. The district court found, however, that the evidence was highly relevant to elements of the drug-distribution crimes with which the defendant was charged, and it carefully instructed the jury on the limited purposes for which the evidence could be used. *See United States v. Hedgepeth*, 418 F.3d 411, 421 (4th Cir. 2005) (discussing importance of limiting instructions in obviating prejudice). We review the district court's admission of evidence over a Rule 403 objection under a "broadly deferential standard" and will reverse only "under the most extraordinary circumstances, where that discretion has been plainly abused." *United States v. Udeozor*, 515 F.3d 260, 265 (4th Cir. 2008) (internal quotation marks omitted). Again, we find no such abuse of discretion on this record.

Finally, the defendant argues that he was deprived of access to counsel in violation of the Sixth Amendment by COVID-19 safety policies that restricted his ability to meet with his lawyer face-to-face and required that most of their consultations occurred by telephone. We review that unpreserved Sixth Amendment claim only for plain error. *See* Fed. R. Crim. P. 52; *United States v. Cohen*, 888 F.3d 667, 680 (4th Cir. 2018). As the defendant recognizes, there is no precedent establishing that such a restriction violates the Sixth Amendment right to counsel, so there can be no plain error here.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*